UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CIVIL ACTION NO: 17-306-WOB-CJS**

**BRIAN ANTHONY BURD**            **PETITIONER**

v.            **REPORT AND RECOMMENDATION**

**FAYETTE COUNTY CIRCUIT COURT[1]**            **RESPONDENT**

\* \* \* \* \* \* \* \* \* \* \*

On July 17, 2017, Petitioner Brian Anthony Burd, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[2] (R. 1). Consistent with local practice, the matter has been referred to the undersigned for initial consideration and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the District Court dismiss Burd's Petition for Writ of Habeas Corpus.

---

[1] It appears that Petitioner has mistakenly identified the Fayette County Circuit Court as the Respondent in this action. Rule 2(a) of the Rules Governing Section 2254 Cases provides that when a petitioner is currently in custody, the petition for habeas corpus relief should name the state officer having custody of the petitioner. At the time Burd filed his Petition in this case, it was mailed from the Laurel County Detention Center and presumably the jailer had custody of Burd at that time. However, recent check of Kentucky's Online Offender Lookup indicates that Burd may currently be incarcerated at the Allen County Jail in Scottsville, Kentucky. But given that this Report recommends the case be dismissed after preliminary review and prior to service of the Petition upon and hearing from the Respondent, the Court need not at this time consider whether a Rule 2(a) substitution of a proper Respondent need be made.

[2] Although the Clerk of Court received and docketed the Petition on July 21, 2017, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Here, the *pro se* Petition was signed by the Petitioner on July 17, 2017. (*See* R. 1, at 15). Applying the prisoner mailbox rule, the Court deems the Petition to have been filed on July 17, 2017. *See Houston v. Lack*, 487 U.S. 266, 273 (1988); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases.

**I.  PRELIMINARY REVIEW STANDARD**

Rule 4 of the Rules Governing Section 2254 Petitions allows a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response.[3] Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review reveals the following flaws in Burd's § 2254 Petition: Burd fails to meet the "in custody" jurisdictional requirement, the Petition is time-barred, and Petitioner's sole claim for relief is procedurally defaulted. Accordingly, Rule 4 mandates that Burd's § 2254 Petition be dismissed without requiring a formal response.

**II.  PROCEDURAL BACKGROUND**

According to the Fayette Circuit Court's public records, Petitioner Burd pleaded guilty to one charge of rape in the third degree, and on July 18, 2013 the state court entered judgment and a sentence of one year in prison (suspended) and five years of supervised probation. (*See* R. 1, at 1-2).[4] On September 4, 2014, the trial court entered an order revoking probation and sentencing Burd to one year in prison, to be served concurrent with any other sentence. Burd filed the instant

---

[3] District courts are permitted to consider *sua sponte* the timeliness and procedural default of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough*, 547 U.S. 198, 210 (2006); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004). This Report and Recommendation provides the requisite notice and allows for objections. *See Yeager v. Hudson*, No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008).

[4] For additional information regarding Burd's state court proceedings, the Court looks to the Docket Sheet of the Fayette Circuit Court in *Commonwealth v. Brian Anthony Burd*, No. 13-CR-00371, available at https://kcoj.kycourts.net, as Burd's § 2254 Petition contains very little information about this prior conviction.

§ 2254 Petition on July 17, 2017 seeking "relief of sentence" based on one ground: "My probation officer, Thiesha Smith, did not provide me with the proper treatment plan paperwork. She admitted this in open court to the parole judge. They violated my probation when I was unaware of any wrong doing." (*Id.* at 5). In light of the state court's revocation of Petitioner's probation, the Court interprets Petitioner's claim as a challenge to that revocation. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) ("The appropriate liberal construction requires active interpretation in some cases[.]"); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction.").

### III.    ANALYSIS

#### A.    The Court lacks subject matter jurisdiction over Burd's habeas petition.

Federal district courts have jurisdiction over habeas petitions filed by state prisoners only when the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The "in custody" requirement is met when the petitioner is "in custody under the conviction or sentence under attack" at the time the habeas petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018). When the sentence for the conviction challenged in the habeas petition has "fully expired" at the time the petition is filed, the petitioner fails to meet the "in custody" requirement and the court lacks jurisdiction over the petition. *Maleng*, 490 U.S. at 491-94.

In the instant case, Burd challenges the state court's revocation of his probation and resulting sentence. According to the Fayette Circuit Court Docket Sheet, Petitioner was sentenced to one year in prison as a result of the probation revocation on September 4, 2014. As Petitioner has provided no other documentation or court records, it is reasonable to assume that Petitioner

3

served the one-year sentence by the time he filed the § 2254 Petition almost three years later, on July 17, 2017. Thus, absent further documentation from Burd establishing otherwise, at the time Burd filed the § 2254 Petition the sentence he challenges therein was fully expired. Consequently, the Court lacks subject matter jurisdiction and the Petition should be dismissed.

### B. The § 2254 Petition is also time-barred.

Even if the Court had jurisdiction, the Petition should be dismissed as time-barred because Burd's § 2254 Petition was filed outside of the applicable one-year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner challenges his probation revocation, the relevant judgment for calculating the statute of limitations is the state court's judgment entered on September 4, 2014 revoking Burd's probation and sentencing him to one year

4

in prison. *See Williams v. Birkett*, 370 F.3d 729, 731 (6th Cir. 2012) (calculating the statute of limitations for petitioner's habeas petition from the date the revocation of his probation became final); *cf. Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006) ("The one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final."). When no direct appeal is taken, the judgment becomes final when the appeal period has expired. *Gonzales v. Thaler*, 565 U.S. 134, 137 (2012). Under Kentucky Rule of Criminal Procedure (hereafter "RCr") 12.04, Petitioner had thirty days following the state court's September 4, 2014 judgment revoking his probation within which to file an appeal. *See* Ky. RCr 12.04; *see e.g.*, *Horn v. Fry*, No. 3:12-CV-51-DLB, 2012 U.S. Dist. LEXIS 128917 (E.D. Ky. Sept. 11, 2012) (finding judgment became final for purposes of AEDPA thirty days following the court's order revoking petitioner's probation pursuant to Ky. RCr 12.04)). Thus, the judgment revoking Petitioner's probation became final on Monday, October 6, 2014, the first business day following the close of the thirty-day appeal period, and the statute of limitations expired one year later, on October 6, 2015. Because Petitioner filed the current § 2254 Petition on July 17, 2017, the Petition is time-barred.

Additionally, there is no basis for equitable tolling of the statute of limitations in this case, to the extent that Petitioner may seek it. Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation and quotation marks omitted)). The one-year statute of limitations for filing a § 2254 petition is subject to equitable tolling, and the petitioner bears the burden of showing that

5

he is entitled to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645-46 (2010)), *cert. denied*, 568 U.S. 853 (2012). The Supreme Court has established that a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "some extraordinary circumstance stood in his way and prevented timely filing," and (2) "he has been pursuing his rights diligently." *See Holland*, 560 U.S. at 649 (quotation marks and citation omitted). Here, Petitioner offers no grounds whatsoever that could trigger the doctrine of equitable tolling—a doctrine to be applied "sparingly." *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Equitable tolling, therefore, is not implicated.

### C. Burd's sole claim for relief is procedurally defaulted.

In addition, Burd failed to exhaust his state court remedies and is now procedurally barred from doing so. It is well established that a state prisoner must first exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). To be deemed properly exhausted, each claim must have been fairly presented to the state courts. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009); *Hafley*, 902 F.2d at 483.

When a petitioner has not exhausted his state remedies, the federal court must determine whether the petition should be dismissed in order to allow for the petitioner to present his claims to the state court. If the petitioner failed to present his claims in state court, but would now be procedurally barred from doing so, there is a procedural default for purposes of his federal habeas

claims, as the state court would have independent and adequate grounds for denying the claim based on the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Stojetz v. Ishee*, 892 F.3d 175, 191 (6th Cir. 2018).

Burd did not challenge the state court's revocation of his probation in any manner prior to filing the instant § 2254 Petition. (R. 1, at 7). As noted above, Burd could have challenged the revocation by filing an appeal within thirty days of the judgment. *See* Ky. RCr 12.04. Moreover, because the time to file such an appeal has expired, Burd's challenge to the revocation proceedings is procedurally defaulted. A federal court may nevertheless hear a claim that has been procedurally defaulted upon a showing by the petitioner of cause and prejudice for the default or actual innocence. *Coleman*, 501 U.S. at 731-32; *Hand v. Houk*, 871 F.3d 390, 407 (6th Cir. 2017); *Seymore v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). However, Plaintiff does not provide cause for failing to timely exhaust state court remedies, merely stating in his Petition, "I was under the impression this was the first step." (R. 1, at 5). Petitioner also does not assert an argument that he is actually innocent. Consequently, Burd's claim for habeas relief is procedurally defaulted and his Petition should also be dismissed on this basis.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

7

*v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it will be recommended that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

## V.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1)    Burd's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) **be dismissed** without the necessity of requiring Respondent to file a written response; and

2)    a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter.

The Clerk's Office is instructed to mail a copy of this Report and Recommendation to Petitioner at his address of record: Laurel County Detention Center, 206 W. Fourth Street, Inmate Mail/Parcels, London, KY 40741, **and** to Petitioner at his current address as reflected on the

Kentucky Online Offender Lookup: Allen County Detention Center, 196 Wood Street, Scottsville, KY 42164.

The Court directs Petitioner to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, Petitioner may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 19th day of February, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 procedural default\17-306-WOB Burd R&R.docx